IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| WARREN GLASBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:16-cv-00077 |
| v. ) | Senior Judge Haynes |
| ) | |
| MARSHALL COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

Plaintiff, Warren Glasby, an inmate at the Marshall County Jail in Lewisburg, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Defendants: Marshall County Jail, Billy Lamb, and Sabrina Patterson. Plaintiff requests the opportunity for an outside job or to be transferred to another facility. Plaintiff seeks damages for emotional distress. Before the Court is Plaintiff's application to proceed in forma pauperis. (Docket Entry No. 2). Plaintiff's complaint (Docket Entry No. 1) is also before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

According to his complaint, Plaintiff was confined at the Marshall County Jail and the Defendants prohibited Plaintiff from applying for an "outside job" that would allow him to perform job duties outside of the jail facility. (Docket Entry No. 1, Complaint, at 5). Plaintiff alleges that he currently has a "rock man job in side." Id. at 6. Plaintiff alleges that he filed a grievance stating that he suffered discrimination regarding available job opportunities, and that Marshall County Sheriff Billy Lamb and Jail Administrator Sabrina Patterson told Plaintiff that he was not eligible for an outside job due to his parole violation and charge of "car jacking." Id.

As a prisoner, Plaintiff's complaint is subject to initial review under 28 U.S.C. § 1915(e)(2)

to screen and dismiss the complaint if it is frivolous, malicious, or fails to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b).

The Sixth Circuit has held that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009)). Pro se pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).

For his claims under 42 U.S.C. § 1983, Plaintiff "must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Burley v. Gagacki, 729 F.3d 610, 619 (6th Cir. 2013).

As to Defendant Marshall County Jail, a jail is not a "person" subject to an action under § 1983. Watson v. Gill, 40 F.App'x 88, 89 (6th Cir. 2002); Travis v. Clinton Cnty. Jail, No. 1:10-cv-

2

1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) (citations omitted) ("The jail is a building, not an entity capable of being sued in its own right."). Thus, the Court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted against Marshall County Jail, and all claims against Marshall County Jail should be dismissed.

Plaintiff next alleges that he should be allowed to apply for any job while confined at Marshall County Jail, and that the restrictions on his job opportunities are the result of discrimination by Defendants Lamb and Patterson. Yet, Plaintiff fails to alleges facts reflecting that Defendants Lamb or Patterson restricted Plaintiff's job opportunities for a discriminatory reason. Instead, Plaintiff alleges that Defendants Lamb and Patterson denied him the opportunity to apply for an "outside job" because Plaintiff was arrested on a parole violation and for "car jacking." In a word, inmates that have committed certain offenses are ineligible as a matter of jail policy from performing jobs outside of the jail facility.

Prisoners do not have a constitutional right to a job, much less a particular job. See Bishop v. Wood, 426 U.S. 341 (1976); Rhodes v. Chapman, 452 U.S. 337, 348 (1981); Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987). Prison administrators may assign inmates jobs and wages at their discretion. Miller v. Campbell, 108 F. Supp.2d 960, 967 (W.D. Tenn. 2000). Thus, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted because he does not have a constitutional right to a job.

Finally, Plaintiff requests to be transferred to another facility where he believes more job opportunities will be available to him and that is closer to his home town. Prisoners do not have a constitutional right to be confined in a particular prison. Olim v. Wakinekona, 461 U.S. 238 (1983); Hewitt v. Helms, 459 U.S. 460, 468 (1983) (superseded by statute on other grounds); Meachum v.

Fano, 427 U.S. 215, 224 (1976); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986). Because Plaintiff does not have a constitutional right to choose his confinement facility, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted.

Accordingly, for these reasons, the Court concludes that Plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Absent an actionable claim, the Court must dismiss Plaintiff's complaint. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

**ENTERED** this the 3rd day of November, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge